FRANCES V. SARRICA, Respondent-Appellant, v. VINCENT J. SARRICA, Appellant-Respondent.— In an action, *inter alia,* for divorce, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Nassau County, dated December 22, 1971, as follows: Defendant appeals from so much thereof as (1) granted plaintiff a divorce, alimony, temporary alimony arrears, an additional counsel fee and judgment for alimony arrears, (2) dismissed the first and second counterclaims (for divorce or separation) in defendant's answer to the second amended complaint, (3) granted defendant recovery upon his third counterclaim (for conversion), less the total of the amounts awarded to plaintiff, (4) adjudged both parties joint owners of three savings bank accounts and (5) did not direct that certain personal property be turned over to defendant. Plaintiff appeals (as further limited by her brief) from so much of the judgment as limited alimony to $50 a week and dismissed the second, third and fourth causes of action in her second amended complaint (for conversion, money had and received, and to impress a trust). Judgment modified, on the law and the facts, by (a) increasing the alimony award in the second decretal paragraph thereof to $100 per week; (b) decreasing the award of temporary alimony arrears in the fourth decretal paragraph thereof to $1,788.14; (c) increasing the amount awarded to defendant in the eighth decretal paragraph upon his third counterclaim to $30,886.93; (d) adjusting the terms of the eleventh decretal paragraph thereof in conformity with the above modifications (b) and (c) to provide that plaintiff is to deliver to defendant $26,098.79; and (e) adding a provision directing plaintiff to return to defendant all his clothing and personal belongings, including certain films, in her possession. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, under all the circumstances shown in the record, the award of alimony was inadequate to the extent indicated herein. With respect to the award for arrears in temporary alimony, the portion by which the award is reduced herein represents expenses which we find were incurred prior to the date of the order awarding temporary alimony. We find further, upon the proof adduced at the trial relative to the division of the funds deposited in the parties' joint bank accounts, that defendant may be charged

only with the sum of $14,983.60, representing withdrawals made by him for his own purposes without the consent of plaintiff. Finally, since the parties have been unable to resolve this matter in a mutually satisfactory manner, plaintiff is directed to return to defendant all his clothing and personal belongings in her possession. Rabin, P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.